**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ROBERTO HAROLD COLAJAY PINEDA

Petitioner,

v.

JOHN MATTOS, *et al*.,

Respondents.

Case No. 2:26-cv-01400-RFB-EJY

**ORDER GRANTING RELIEF**

Before the Court is Petitioner Roberto Harold Colajay Pineda's Emergency Motion Requesting Return to the District of Nevada and Stay of Removal (the "Motion") (ECF No. 20). For the following reasons, the Court grants the Petitioner's Motion and orders Respondents to immediately facilitate Petitioner's return to the United States.

## I. RELEVANT PROCEDURAL BACKGROUND

Mr. Pineda initiated the instant action by filing a petition for writ of habeas corpus on May 6, 2026. See ECF No. 1-1. On May 8, 2026, the Court screened Mr. Pineda's petition and appointed counsel. See Order Appointing Counsel, ECF No. 3 [hereinafter "OAC"]. That Order enjoined Respondents from transferring Petitioner "out of this District, with the exception of effectuating his lawful deportation, until further order of the Court." Id. at 3.

On May 29, 2026, Mr. Pineda filed his First Amended Petition for Writ of Habeas Corpus. See ECF No. 9 [hereinafter "Pet."]. The Court extended Respondents' time to respond until June 18, 2026. See ECF No. 13, and the First Amended Petition became fully briefed on June 24, 2026. On June 26, 2026, Mr. Pineda's case was transferred, and on July 31, 2026, this Court ordered Respondents to respond to various interrogatories concerning Mr. Pineda's detention. That same

day, Mr. Pineda filed the instant Motion, indicating that Respondents had moved him to Louisiana, out of this District. Also that same day, the Court ordered Respondents to show cause why they did not violate this Court's May 8, 2026, Order. Respondents did not do so. On August 4, 2026, Respondents responded to the July 31, 2026, Order, claiming that Immigration and Customs Enforcement ("ICE") had initiated Petitioner's "lawful deportation" on July 28, 2026. Petitioner replied on August 6, 2026.

## II. FINDINGS OF FACT

Court makes the following findings of fact based on the Parties' evidence.

On March 30, 2026, Mr. Pineda was denied bond at a custody redetermination hearing in front of an immigration judge ("IJ"). See Pet. at 12. Mr. Pineda appealed the IJ's bond decision, and his notice of appeal was received by the Board of Immigration Appeals ("BIA") on May 11, 2026. See ECF No. 25-1. On May 14, 2026, the BIA rejected Mr. Pineda's bond appeal for failing to include the correct service address. See ECF No. 25-1 at 4.

On June 24, 2026, an IJ ordered Mr. Pineda to be removed to Guatemala. See ECF No. 25-1 at 2. Mr. Pineda, as the respondent in his removal proceedings, reserved appeal. See id. at 3. On June 29, 2026, Mr. Pineda filed a timely notice of appeal of the IJ's removal order. See ECF No. 20-1. There have been no documents posted by the BIA to indicate they ever rejected any Notice of Appeal that was submitted by the Petitioner after June 24, 2026. See ECF No. 25 at 2.

## III. CONCLUSIONS OF LAW

The Parties' dispute boils down to one question: whether Petitioner had a final order of removal.[1] An order of removal can become final:

> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;

---

[1] The current matter before the Court is whether Mr. Pineda should be returned to this District, as to enforce this Court's May 8, 2026, Order. If Mr. Pineda did not have a final order of removal, his transfer out of this District would have violated the May 8, 2026, Order; whether Mr. Pineda was lawfully removed is a narrow question of law. The Parties do not dispute any discretionary decisions made by an IJ—e.g., whether bond denial was proper, or the merits of the removal order—so the Court maintains jurisdiction to review this narrow question. See Ibarra-Perez v. United States, 154 F.4th 989, 996 (9th Cir. 2025).

> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;

8 C.F.R. § 1241.1(a)–(c). When an appeal is pending, a removal order is not final, and a noncitizen cannot be lawfully removed from the country. See id.

An appeal of an IJ's bond decision is entirely separate from an appeal of an IJ's removal decision. See Escobar v. Holder, 516 F. App'x 626, 627 (9th Cir. 2013). It follows that, a rejection of a bond appeal is inapposite to a rejection of a removal order appeal. Cf. 8 C.F.R. § 1003.19(d); Escobar v. Holder, 516 F. App'x 626, 627 (9th Cir. 2013).

On the record before the Court, it finds that Mr. Pineda timely appealed his removal order on June 29, 2026. Absent any rejection or decision from the BIA, Mr. Pineda cannot be considered to have a final order of removal. Therefore, Respondents could not have removed Mr. Pineda from the country lawfully, and Respondents' transfer of Mr. Pineda out of this District violated this Court's May 8, 2026, Order.

## IV. REMEDY

This Court has the inherent authority to "enforce its orders by whatever means, the authority to manage its dockets and courtrooms with a view toward the efficient and expedient resolution of cases, and the authority to correct that which has been wrongfully done by virtue of its process[.]". Cahill v. Insider Inc., 131 F.4th 933, 938 (9th Cir. 2025) (internal quotation marks, citations, and alterations omitted).

The Court finds that Respondents acted in violation of this Court's orders, and, in order to enforce those orders, grants appropriate relief. Specifically, the Court finds that Respondents must facilitate the return of Mr. Pineda to this District and are enjoined from removing him from the country pending resolution of his fully briefed Petition. Cf. Noem v. Abrego Garcia, 145 S. Ct. 1017, 1018 (2025) (finding the district court "properly require[d] the Government to 'facilitate' [a noncitizen]'s release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020).

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Emergency Motion (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **FACILITATE PETITIONER'S RETURN** from Guatemala **AS SOON AS POSSIBLE**.

**IT IS FURTHER ORDERED** that Respondents must file a report **by September 18, 2026** indicating what steps they have taken to facilitate Petitioner's return to the United States. ***Respondents must file a status report each week thereafter until Petitioner is returned.***

**IT IS FURTHER ORDERED** Respondents are **ENJOINED** from removing Petitioner from the United States District of Nevada, absent leave of Court when he is returned.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order. The Court retains jurisdiction to enforce its order and judgment.

**DATED:** September 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**